UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

TAMMY R. ELLIS,                     )
                                    )
            Plaintiff               )
                                    )
      v.                            )  Case No. 2:09 cv 145
                                    )
MICHAEL J. ASTRUE, Commissioner     )
of Social Security,                 )
                                    )
            Defendant               )

OPINION AND ORDER

This matter is before the court on the Motion for Attorney's
Fees Under the Equal Access to Justice Act and for Entry of Final
Judgment Order [DE 25] filed by the plaintiff, Tammy R. Ellis, on
November 22, 2010.  For the following reasons, the motion is
GRANTED.

Background

On September 20, 2005, the plaintiff, Tammy Ellis, filed an
application for Disability Insurance Benefits and Supplemental
Security Income, alleging an onset date of April 1, 2004.  The
application was denied initially and again upon reconsideration.
Ellis filed a timely request for a hearing before an Administra-
tive Law Judge ("ALJ"), and the hearing before ALJ Denise McDuf-
fie Martin was conducted on October 30, 2007.  On October 30,
2008, the ALJ issued an unfavorable decision.

Ellis appealed the decision on November 21, 2008.  The
Appeals Council denied Ellis' request for review, leaving the
ALJ's decision as the final decision of the Commissioner.  On May
21, 2009, Ellis filed a complaint for judicial review with this
court, and on September 20, 2010, the court issued an Opinion and
Order remanding the case to the Commissioner because the ALJ
failed to explain her RFC finding that limited Ellis to elevating
her feet eight inches when sitting.

On November 22, 2010, Ellis filed a Motion for Attorney Fees
Under the Equal Access to Justice Act.  The Commissioner filed a
Response on December 7, 2010, arguing that the Commissioner's
position was substantially justified precluding a fee award.

## Discussion

The EAJA allows a prevailing plaintiff to recoup reasonable
attorney fees incurred in litigation against the Commissioner of
Social Security "unless the court finds that the position of the
United States was substantially justified or that special circum-
stances make an award unjust."  28 U.S.C. §2412(d)(1)(A).  See
also Commissioner, I.N.S. v. Jean, 496 U.S. 154, 154, 110 S.Ct.
1717, 109 L.Ed.2d 135 (1990); Golembiewski v. Barnhart, 382 F.3d
721, 723-24 (7th Cir. 2004).  A fee application must be filed
within 30 days of a court's final judgment and must satisfy the
following requirements: (1) a showing that the applicant is a

"prevailing party;" (2) a showing that the applicant is "eligible
to receive an award;" (3) a showing of "the amount sought, in-
cluding an itemized statement from any attorney or expert witness
representing or appearing in [sic] behalf of the party stating
the actual time expended and the rate at which fees and other
expenses were computed;" and (4) an "alleg[ation] that the
position of the United States was not substantially justified."
28 U.S.C. §2412(d)(1)(B).  See also Scarborough v. Principi, 541
U.S. 401, 405, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004); United
States v. Hallmark Constr. Co., 200 F.3d 1076, 1078-79 (7th Cir.
2000) (setting forth the elements of §2412(d)(1)(A) & (B)).

In this case, it is uncontested that Ellis is the prevailing
party and that the instant motion was timely filed.  The issue
now before this court is whether the position of the Commissioner
was "substantially justified".

Considering whether the Commissioner was substantially
justified, the court must analyze the "position of the United
States," which refers to the conduct of the Commissioner through-
out the civil action, including pre-litigation conduct.  28
U.S.C. §2412(d)(2)(D); Golembiewski, 382 F.3d at 724; Marcus v.
Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994).  The trial court
must consider whether the Commissioner's pre- and post-litigation
"position was grounded in: (1) a reasonable basis in truth for

3

the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced." Golembiewski, 382 F.3d at 724 (citing Hallmark Constr., 200 F.3d at 1080). The factual and legal support for the Commissioner's position throughout the entire proceeding must be considered. See Hallmark Constr., 200 F.3d at 1080. A court need make only one determination regarding the Commissioner's conduct during the entire civil action. Jean, 496 U.S. at 159, 110 S.Ct. at 2319; Jackson v. Chater, 94 F.3d 274, 278 (7th Cir. 1996). "[F]ees may be awarded in cases where the government's prelitigation conduct was not substantially justified even though its litigation position may have been substantially justified and vice versa." Marcus, 17 F.3d at 1036. The court must undertake a global analysis of the govern- ment's position because whether that position was substantially justified rarely will be decided by a single issue. See Hallmark Constr., 200 F.3d at 1080.

Although the EAJA does not define "substantial justifica- tion," the Supreme Court has defined the term to mean "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). See also Golembiewski, 382 F.3d at 724. Expanding on this definition, the Seventh Circuit explained, "'Substantially

justified' does not mean 'justified to a high degree,' but rather
has been said to be satisfied if there is a 'genuine dispute,' or
if reasonable people could differ as to the appropriateness of
the contested action." Stein v. Sullivan, 966 F.2d 317, 320 (7th
Cir. 1992) (citing Pierce, 487 U.S. at 565, 108 S.Ct. at 2550).
The substantial justification standard is different than the
substantial evidence standard, which is used to evaluate the
merits of a claimant's request for remand. See Pierce, 487 U.S.
at 568-69, 108 S.Ct. at 2552. Thus, a loss on the merits does
not automatically constitute a lack of substantial justification.
See Pierce, 487 U.S. at 569, 108 S.Ct. at 2552. The Commissioner
bears the burden of proof in showing that the government's
litigation position was substantially justified. See Pierce, 487
U.S. at 565, 108 S.Ct. at 2550; Golembiewski, 382 F.3d at 724.

In its Order, the court remanded this matter for further
administrative proceedings with regard to one issue - whether, at
step five of the sequential analysis, the ALJ's RFC determination
was based on substantial evidence of record so that the plaintiff
could perform work available in the national economy. In remand-
ing, this court determined that the ALJ's RFC finding was not
supported by substantial evidence of record because the ALJ
determined the plaintiff needed to raise her legs eight inches
when sitting and the only evidence of record concerning the

height the plaintiff must keep her feet elevated when sitting was the plaintiff's own testimony that she needed to raise her legs at least 12 inches. None of the medical evidence or testimony suggested that the plaintiff needed to raise her legs eight inches, nor did the ALJ explain how she arrived at this conclusion. In explaining this RFC finding, the ALJ failed to create a logical bridge between this evidence and her conclusion, and the difference in elevation affected the availability of positions available in the national economy, and ultimately the final determination of whether Ellis is disabled.

The Commissioner asserts that the ALJ's decision was reasonable because she discredited the plaintiff's testimony to the extent it was inconsistent with her daily life activities and the opinions of her physicians. Dr. Vijay Dave, the plaintiff's treating physician, and Dr. Walter Miller, the medical expert, agreed that the plaintiff needed to elevate her legs, but neither articulated a height. The ALJ afforded the plaintiff an additional 60 days following the hearing to supplement her evidence with further medical records, however, the plaintiff failed to produce more evidence to support her testimony that she needed to keep her legs elevated 12 inches.

Because the record is devoid of any explanation or medical evidence establishing that the plaintiff had to raise her legs

eight inches when sitting, it would be difficult to conclude that
the Commissioner's position was reasonable under the circum-
stances.  The only explanation the Commissioner provides in sup-
port of the ALJ's RFC finding was that the ALJ did not find Ellis
entirely credible in light of her daily activities.  While the
ALJ's credibility determination must be made on a variety of
factors, including the claimant's daily life activities, the
record must contain substantial evidence to support the ALJ's RFC
finding.  Here, the plaintiff's daily activities, which included
watching television, taking her medications, and waking her
children for school, did not concern the height she must raise
her legs or provide any explanation for why Ellis was required to
raise her legs only eight inches.  Therefore, even if the ALJ's
credibility determination was not patently wrong, it bears no
weight on the height the plaintiff must raise her legs.  None of
the medical or other evidence of record provided that the plain-
tiff had to raise her legs eight inches instead of 12, and the
ALJ failed to put forth any explanation beyond her credibility
determination to account for her conclusion that the plaintiff
had to raise her legs eight inches.  It was the ALJ's duty to
develop the record on this issue and build an accurate and
logical bridge from the evidence to her conclusion.  Her failure
to articulate any explanation and the lack of medical evidence to

support her RFC finding failed to satisfy this burden.  For these reasons, the Commissioner's position was not reasonably justified.

Furthermore, the Commissioner's argument that her position was substantially justified because the plaintiff prevailed on only one issue is not persuasive.  Because reasonable minds could not differ as to whether the ALJ provided evidentiary support for her RFC finding that the plaintiff had to raise her legs eight inches, the court finds that the Commissioner's position, both pre-litigation and throughout the civil action, as a whole, was not substantially justified.  See Golembiewski, 382 F.3d at 724; Jackson, 94 F.3d at 278.

The Commissioner does not object to the hourly rate for attorney work, and the court finds that the plaintiff's calculation of the hourly rate by year is acceptable.  Therefore, the plaintiff is awarded attorneys fees in the amount of $9,978.00.

_____

Based on the foregoing, the court now GRANTS the Motion for Attorney's Fees Under the Equal Access to Justice Act and for Entry of Final Judgment Order [DE 25] filed by the plaintiff, Tammy R. Ellis, on November 22, 2010.  The court further ORDERS that payment in the amount of $9,978.00 be paid directly to attorney Barry A. Schultz.

ENTERED this 16th day of February, 2011

                           s/ Andrew P. Rodovich
                              United States Magistrate Judge